RALPH E. CHAMNESS (Bar No. 6511)
ERIK STRINDBERG (Bar No. 4154)
STRINDBERG SCHOLNICK & CHAMNESS, LLC
44 Exchange Place, Second Floor
Salt Lake City, Utah 84111
Telephone: 801-359-4169
Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT

2005 SEP 22  A 11: 44

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| JENNIFER RICHARDS, | **COMPLAINT AND JURY DEMAND** |
|---|---|
| Plaintiff, | |
| v. | |
| CONVERGYS CORP., | Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 09/22/2005 @ 11:44:35<br>CASE NUMBER: 2:05CV00790 DAK |
| Defendant. | |

Plaintiff Jennifer Richards ("Ms. Richards"), by and through her undersigned counsel, hereby submits this Complaint and Jury Demand against Defendant Convergys Corporation ("Convergys").

## I. INTRODUCTION

1. Convergys violated Ms. Richards' right to receive pay based upon her job duties as opposed to her gender by paying Ms. Richards less than it did a male employee performing substantially similar work. Convergys also violated Ms. Richards' right to engage in the protected activity of complaining about the discriminatory nature of the

unequal pay and filing a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") by disciplining and constructively terminating her because she complained and filed a Charge.

## II. PARTIES

2. Ms. Richards is a female, and resides in Salt Lake County, State of Utah.

3. Convergys is an Ohio corporation doing business in Salt Lake County, State of Utah. At all relevant times it was engaged in an industry affecting commerce, with annual gross sales of not less than $500,000.00 and employed fifteen or more employees.

4. At all relevant times, Convergys was Ms. Richards's employer as defined by the FLSA, the EPA and Title VII.

## III.  JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, in that this action arises under federal law, specifically the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. §§ 216( c) and 217 to enforce the requirements of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA") and pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et.seq.*. This action is also initiated pursuant to 42 U.S.C. § 1981a.

6. The employment practices alleged to be unlawful were committed in Salt Lake County, Utah, which is within the jurisdiction of the United States District Court for the Central Division of Utah. Thus, venue is proper pursuant to 28 U.S.C. § 1391.

7. Ms. Richards filed a Charge with the EEOC on February 25, 2004. In that Charge, Ms. Richards alleged that Convergys had discriminated against her on the basis of her gender by failing to pay her equal pay for equal work. The EEOC, after investigating Ms. Richard's Charge, issued Ms. Richards a Letter of Determination finding reasonable cause to believe that Convergys had violated the EPA and Title VII by failing to pay Ms. Richards equal work for equal pay, by constructively discharging her and by retaliating against her because she filed a Charge. On September 20, 2005, the EEOC issued Ms. Richards a Notice of Right to Sue on her Title VII claims.

## IV. GENERAL ALLEGATIONS

8. Ms. Richards began working for Convergys on or about February 9, 1999.

9. During her employment, Ms. Richards rose to a Lead position in Convergys' Cisco department. In that position, Ms. Richards would take cases, take phone calls, conduct training and update the website. Nick Brooks ("Mr. Brooks"), a male employee essentially performed the same duties as Ms. Richards, but did not take phone calls or conduct training.

10. Mr. Brooks' duties and Ms. Richards' duties required substantially equal work on jobs the performance of which required equal skill, effort and responsibility. The duties were performed under similar working conditions at Convergys' Murray, Utah location.

3

11. Convergys paid Ms. Richards $13.77 per hour to perform the duties of a Lead.

12. Convergys paid Mr. Brooks $14.52 an hour to perform substantially the same duties as Ms. Richards.

13. While both Ms. Richards and Mr. Brooks performed substantially the same duties and Convergys designated an equal bonus for both, a management official from Convergys ordered that Mr. Brooks receive all of the bonus money.

14. When Ms. Richards became aware that Mr. Brooks was receiving more money for performing substantially the same work, she complained to Convergys about the pay inequity. Convergys issued Ms. Richards an Employee Counseling Report to justify its failure to give Ms. Richards the bonus.

15. After receiving the discipline, Ms. Richard filed a Charge of Discrimination with the EEOC.

16. Shortly after becoming aware of the EEOC charge, Convergys issued Ms. Richards a second disciplinary warning. Convergys issued the second disciplinary warning to force Ms. Richards to terminate her employment. After issuing the second written warning, Convergys issued a policy statement which addressed two of the issues for which it had disciplined Ms. Richards. The same management official, Convergys' Senior Business Manager, ordered all of the discipline taken against Ms. Richards.

17. After receiving the second unjustified written warning, Ms. Richards requested an unpaid leave of absence. The same Convergys' management official denied Ms. Richards' request. Based upon Convergys' failure to grant her leave, the fact that she was being paid less than her male counterpart and the fact that she had been unnecessarily disciplined, Ms. Richards was compelled to terminate her employment.

## V. CLAIMS FOR RELIEF

### First Claim for Relief
### (Violation of the EPA)

18. Ms. Richards incorporates paragraphs 1 through 17 of this Complaint by this reference.

19. By paying Ms. Richards at a rate less than her male colleague in the same establishment for substantially equal work on a job requiring substantially equal skill, effort and responsibility under similar work conditions, Convergys violated the EPA.

20. Because Convergygs purposefully and intentionally discriminated against Ms. Richards based upon her gender, in violation of the EPA by paying her less than it paid her male co-worker who was performing substantially the same work, Ms. Richards has suffered, and will continue to suffer, economic loss.

21. As a result of Convergys' violation of the EPA, Ms. Richards is entitled to recover the amount of wages she would have been paid in the absence of the violation, an equal amount as liquidated damages and prejudgment interest on those amounts.

22. Ms. Richards is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

23. Ms. Richards is entitled to other such relief as this Court deems appropriate.

## Second Claim for Relief
### (Retaliation in Violation of the EPA)

24. Ms. Richards incorporates paragraphs 1 through 23 of this Complaint by this reference.

25. Convergys took adverse employment actions against Ms. Richards because she engaged in the protected activity of complaining about the unequal pay she was receiving, including disciplining her and constructively terminating her employment.

26. Convergys' actions constitute unlawful retaliation in violation of the EPA.

27. As a result of Convergys' actions, Ms. Richards has suffered, and will continue to suffer, both economic and non-economic loss, including, but not limited to: loss of wages and benefits, future pecuniary losses, emotional distress, and other compensatory damages.

28. As outlined above, Convergys purposefully and intentionally retaliated against Ms. Richards based upon her complaint or Charge by taking adverse employment actions against her. Ms. Richards is entitled to recover damages for all future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by Convergys' unlawful retaliation.

29. Convergys' actions described above were done with malice or a reckless indifference to Ms. Richards' federally protected right to be free from retaliation for having complained or filing an Charge. Due to the willful and malicious nature of the retaliation against Ms. Richards, Ms. Richards is entitled to an award of punitive damages in an amount sufficient to deter Convergys from engaging in retaliatory conduct in the future.

30. Ms. Richards is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

31. Ms. Richards is entitled to other such relief as this Court deems appropriate.

### Third Claim for Relief
### (Discrimination in Violation of Title VII)

32. Ms. Richards incorporates paragraphs 1 through 31 of this Complaint by this reference.

33. By paying a male employee more than it paid Ms. Richards for performing the same work, Convergys purposefully and intentionally discriminated against Ms. Richards in violation of Title VII.

34. Convergys' actions described above were done with malice or a reckless indifference to Ms. Richards' federally protected right to have employment decisions based upon legitimate non-discriminatory business reasons. Due to the willful and malicious nature of the discrimination against Ms. Richards, Ms. Richards is entitled to an

award of punitive damages in an amount sufficient to deter Convergys from engaging in discriminatory conduct in the future.

35. Ms. Richards is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

36. Ms. Richards is entitled to other such relief as this Court deems appropriate.

### Fourth Claim for Relief
### (Retaliation in Violation of Title VII)

37. Ms. Richards incorporates paragraphs 1 through 36 of this Complaint by this reference.

38. Convergys took adverse employment actions against Ms. Richards because she engaged in the protected activity of complaining about the discrimination she suffered, including disciplining her and constructively terminating her employment.

39. Convergys' actions constitute unlawful retaliation in violation of Title VII.

40. As a result of Convergys' actions, Ms. Richards has suffered, and will continue to suffer, both economic and non-economic loss, including, but not limited to: loss of wages and benefits, future pecuniary losses, emotional distress, and other compensatory damages.

41. As outlined above, Convergys purposefully and intentionally retaliated against Ms. Richards based upon her complaint or Charge by taking adverse employment actions against her. Ms. Richards is entitled to recover damages for all future pecuniary

losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by Convergys' unlawful retaliation.

42. Convergys' actions described above were done with malice or a reckless indifference to Ms. Richards' federally protected right to be free from retaliation for having complained or filing a Charge. Due to the willful and malicious nature of the retaliation against Ms. Richards, Ms. Richards is entitled to an award of punitive damages in an amount sufficient to deter Convergys from engaging in retaliatory conduct in the future.

43. Ms. Richards is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

44. Ms. Richards is entitled to other such relief as this Court deems appropriate.

### Request for Jury Trial

45. Ms. Richards requests that her claims be tried to a jury of her peers.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Ms. Richards respectfully requests that the Court enter judgment in her favor and against Convergys, and award the following:

a. Back pay, in amounts to be determined at trial;

b. An amount equal to the amount awarded as back pay as liquidated damages;

c. Reinstatement, or front pay in lieu of reinstatement;

d. Emotional distress and punitive damages;

e. Compensatory and consequential damages;

f. Injunctive and/or declaratory relief requiring Convergys to take appropriate actions to ensure that its female employees are paid equal pay for equal work;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

i. Injunctive relief restraining Convergys from engaging in further discriminatory conduct; and,

j. Any such further relief as the Court deems just and equitable.

Dated this 22nd day of September, 2005.

STRINDBERG SCHOLNICK & CHAMNESS, LLC

Ralph E. Chamness
Erik Strindberg
Attorneys for Plaintiff

Plaintiff's Address
3731 West 8850 South
West Jordan, Utah 84088

10

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JENNIFER RICHARDS

**DEFENDANTS**
CONVERGYS CORPORATION

FILED
U.S. DISTRICT COURT
2005 SEP 22 A 11: 43
DISTRICT OF UTAH
BY:
DEPUTY CLERK

(b) County of Residence of First Listed Plaintiff   SALT LAKE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   SALT LAKE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Strindberg Scholnick & Chamness, LLC, 44 Exchange Place, 2nd Floor, Salt Lake City, Utah 84111 - 801-359-4169

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | 4 |
| Citizen of Another State | 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  362 Personal | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Med. | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability  ☐ 365 Personal | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Product | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander  Liability ☐ 368 Asbestos | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Personal | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability  Injury | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine  **PERSONAL** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product  **PROPERTY** ☐ 370 Other | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability  Fraud | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  Lending  ☐ 380 Other | x 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability  Personal  Property | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury  Damage  ☐ 385 Property | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | Damage Product | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | x 442 Employment  to Vacate  Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  Habeas | | | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations  Corpus:  ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  Penalty  ☐ 540 Mandamus & | ☐ 791 Empl. Ret. Inc.  Security Act | ☐ 871 IRS—Third Party | State Statutes |
| | Other Civil  Rights ☐ 555 Prison | | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Equal Pay Act, 29 U.S.C. § 206(d) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ None
CHECK YES only if demanded in complaint:
☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

Judge Dale A. Kimball
DECK TYPE: Civil
DATE STAMP: 09/22/2005 @ 11:44:35
CASE NUMBER: 2:05CV00790 DAK

9/22/05

DATE      JUDGE _____ DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPL _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet