David A. Skidmore, Jr. (admission pro hac vice pending)
Catherine Ann Reed (admission pro hac vice pending)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182
Telephone:  (513) 651-6800

Michael Patrick O'Brien (USB #4894)
Ali Levin (USB #9409)
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Post Office Box 45444
Salt Lake City, Utah 84145-0444
Telephone:  (801) 521-3200
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| JENNIFER RICHARDS, | : | **ANSWER** |
| Plaintiff, | : | |
| vs. | : | Case No. 2:05CV00790 DAK |
| CONVERGYS CORPORATION, | : | Judge Dale A. Kimball |
| Defendant. | : | |

For its Answer to Plaintiff Jennifer Richards' Complaint, Defendant Convergys Corporation ("Convergys"), by and through counsel, hereby states as follows:

**FIRST DEFENSE**

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff is female, but denies for lack of knowledge the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it employed Plaintiff, but denies for lack of knowledge the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff is attempting to bring claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, and the Civil Rights Act of 1964.  Defendant denies the remaining allegations contained in paragraph 5 of the Complaint and denies that Plaintiff has stated a claim under these statutes and further denies the existence of facts and circumstances that would justify relief under these statutes.

6. Defendant admits that Salt Lake County, Utah is within the jurisdiction of the United States District Court for the Central Division of Utah.  Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff filed a charge with the EEOC, that the EEOC issued a Letter of Determination, and that the EEOC issued a Notice of Right to Sue.  Defendant denies for lack of knowledge the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that it employed Plaintiff.  Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff worked in a lead position in the Cisco department. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that at one point it paid Plaintiff $13.77 per hour.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff filed a charge of discrimination but denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant restates its responses to the foregoing paragraphs as if fully rewritten herein.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant restates its responses to the foregoing paragraphs as if fully rewritten herein.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant restates its responses to the foregoing paragraphs as if fully rewritten herein.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant restates its responses to the foregoing paragraphs as if fully rewritten herein.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant admits that Plaintiff has requested a jury trial.

46. Defendant denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief.

47. Defendant denies each and every allegation not specifically admitted in this Answer.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff is barred from recovering damages against Defendant to the extent she has failed to mitigate her damages, if any.

### FOURTH DEFENSE

Defendant asserts the affirmative defense of waiver and/or laches.

### FIFTH DEFENSE

Defendant asserts the affirmative defense of estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that she has failed to exhaust her contractual, administrative and/or procedural remedies.

### EIGHTH DEFENSE

Plaintiff is barred from recovering damages to the extent there is after-acquired evidence.

### NINTH DEFENSE

Any alleged differences in salary are attributable to differences in seniority, merit, quantity or quality of production, or for other factors other than gender.

### TENTH DEFENSE

Plaintiff is not entitled to punitive damages because they are barred by Defendant's good faith efforts to comply with the law.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent there was bankruptcy.

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages are a violation of the Due Process Clause of the United States Constitution.

Wherefore, having fully answered, Defendant demands that the Complaint be dismissed with prejudice, at Plaintiff's cost, and that Plaintiff be ordered to pay Defendant's attorneys' fees and expenses incurred in defending against Plaintiff's lawsuit, and that the Court award such other relief as is just and proper.

DATED this ____ day of November, 2005.

        Respectfully submitted,

        /s/  Ali Levin
        Michael Patrick O'Brien (USB #4894)
        Ali Levin (USB #9409)
        JONES, WALDO, HOLBROOK & McDONOUGH
        170 South Main Street, Suite 1500
        Post Office Box 45444
        Salt Lake City, Utah 84145-0444
        Telephone:  (801) 521-3200

        Attorneys for Defendant
        Convergys Corporation

OF COUNSEL:

David A. Skidmore, Jr.
Catherine Ann Reed
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182
Telephone:  (513) 651-6800

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of November 2005, I caused to be mailed, first-class postage prepaid, a true and correct copy of the foregoing ANSWER to the following:

> Ralph E. Chamness
> STRINDBERG, SCHOLNICK & CHAMNESS
> Attorneys for Jennifer Richards
> 44 Exchange Place, 2d Floor
> Salt Lake City, UT 84111

_____

CinLibrary1576110.1