IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH   CENTRAL DIVISION

| | |
|---|---|
| JENNIFER RICHARDS<br><br>        Plaintiff,<br><br>v.<br><br>CONVERGYS CORPORATION,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL AND MOTION TO EXTEND**<br><br><br>Case No. 2:05-CV-00790-DAK<br><br>Consolidated with 2:05-CV-00812 DAK |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>        Plaintiff,<br><br>v.<br><br>CONVERGYS CORPORATION,<br><br>        Defendant. | District Judge Dale A. Kimball<br><br><br>Magistrate Judge David Nuffer |

In a telephone conference July 7, 2006,[1] the magistrate judge ordered Convergys to

supplement its responses to written discovery from Plaintiffs no later than July 17, 2006 and

ordered that Plaintiff Richards' deposition be rescheduled to permit Plaintiff to have the benefit

---

[1] Docket no. 34

of reasonable discovery responses.  Unfortunately, the deficiencies continue,[2] and Convergys demonstrates its entrenched position in its responses to correspondence[3] on the issues and in its memorandum[4] opposing Plaintiff EEOC's motion to compel.[5]

Convergys believes it can dictate the manner in which Plaintiff takes discovery and can defer disclosure of any substantial information until expensive depositions are convened, making them less effective by reason of Plaintiff's prior lack of access to information.  True, Convergys has produced 1,700 pages of documents, but it has not provided specific answers to straightforward and fundamental questions nor has it matched the voluminous production to the issues in the case as required by the EEOC's interrogatories and requests for production.

### Interrogatories

Convergys says the first dispute over interrogatories is whether they are proper or "more appropriately obtained through deposition."[6]  "Generally the party seeking discovery is entitled to make an initial choice of the method by which it is to be had and the court will not interfere unless sound reasons are shown."[7]  Then, the court has "broad discretion in determining the scope and method of discovery based upon the circumstances of each case."[8]  Thus, the reported cases stand for very little other than the fit of a discovery method to a particular case.

---

[2] *See* Defendant's Responses to EEOC's First Set of Non-Uniform Interrogatories (Convergys' Interrogatory Responses) and Defendant's Responses to EEOC's First Request for Production of Documents (Convergys' Production Responses), attached as Exhibits A and B, respectively, to Plaintiff EEOC's Motion to Compel and for Protective Order (Motion to Compel), docket no. 37, filed July 19, 2006.
[3] Letter from Catherine Reed to Sandra Padegimas, dated July 14, 2006, Exhibit E to Motion to Compel.
[4] Defendant Convergys Corporation's Opposition to Plaintiff EEOC's Motion to Compel and for Protective Order (Opposition Memorandum), docket no. 41, filed August 4, 2006.
[5] Docket no. 37.
[6] Opposition Memorandum at 6.
[7] 8 Wright, Miller & Marcus, Fed. Prac. & Proc. Civ.2d § 2039.
[8] *Casas v. Conseco Finance Corp.* No. CIV 00-1512 (JRT/SRN) 2002 WL 246753, at *2 (D. Minn. February 15, 2002).

Examination of the interrogatories in this case shows they are well designed to prepare for a deposition.  They seek to gather fundamental information to enable intelligent focus of questions to deponents.  Convergys' responses to the interrogatories are so cursory and insubstantial that they do not really constitute "answers."

Interrogatory Number 8 asks Convergys to "set forth each and every reason Jennifer Richards was denied an unpaid leave of absence before her separation from employment and the individual(s) who made, had any input in, or participated in that decision."[9]  While Convergys claims it provided the name of the person who made the decision,[10] it has not done so in its responses to the interrogatories.  It should do so and should state the reasons Richards was denied an unpaid leave of absence.  Convergys' rebuff that "[t]his interrogatory seeks a narrative answer better obtained through deposition"[11] is an offensive self-assertion.  Convergys' letter provided after the July 7th telephone conference is not much better.  Convergys states that "this interrogatory assumes facts not in evidence,"[12] apparently believing that an interrogatory must comply with rules applicable to trial interrogation.  And Convergys goes on to object that this interrogatory "requires Defendant to speculate as to testimony not yet recorded."[13]  Convergys has a duty to make a reasonable inquiry for information in its possession.[14]

Interrogatory Number 7 states: "For each instance that Jennifer Richards received formal discipline, i.e., a write up, counseling, warning, etc., please state each and every reason for such action and identify the individuals who made, had any input in, or participated in the decision to

---

[9] Convergys' Interrogatory Responses at 6.
[10] Opposition Memorandum at 11.
[11] Convergys' Interrogatory Responses at 6.
[12] Exhibit E to Motion to Compel at 5.  Exhibit E to the motion to compel is filed as docket no. 51, August 29, 2006.
[13] Id.
[14] Fed. R. Civ. P. 26(g)(2).

discipline Ms. Richards and, to the extent such decisions were reviewable, identify the reviewing

official."[15]   A written response to this question will substantially focus depositions.  But

Convergys provided no help, answering that "Convergys responds under Federal Rule of Civil

Procedure 33(d)."[16]   That rule permits a party to produce business records in lieu of a response to

an interrogatory if the responding party includes a "specification . . . in sufficient detail to permit

the interrogating party to locate and to identify, as readily as can the party served, the records

from which the answer may be ascertained."[17]   Convergys included no such specification.

Convergys' reference to Rule 33(d) is stricken and it may not rely on that rule in any further

responses to any interrogatories in this case.

Interrogatory Number 6 asks Convergys to "describe in detail the process by which

Convergys established rates of pay for employees who worked at Convergys' Murray, Utah

facility during the time Ms. Richards was employed by Convergys, including, but not limited to,

the job title(s) of the individuals with the authority to establish such rates of pay and, if their

decisions were reviewable, the title (s) of the reviewing official."[18]   This question as stated is

very broad, given the presence of 2,500 employees at the Murray facility.[19]   However, the

interrogatory should be answered when limited to members of the Channels Team.

Interrogatory Number 5 asks Convergys to identify "the individuals who made, had input

into, are [sic] participated in the decision to deny Jennifer Richards the bonus in or about

---

[15] Convergys' Interrogatory Responses at 5.
[16] *Id.* at 6.
[17] Fed. R. Civ. P. 33(d).
[18] Convergys' Interrogatory Responses at 6.
[19] Opposition Memorandum at 10.

December, 2002 and describe in detail each and every reason for that decision."[20]  Convergys'
answer says it knows something but will not tell what it knows:  "Convergys cannot currently
respond to this question because the person (or people) who made this decision does not work for
Convergys."[21]  Plaintiff is entitled to a straightforward answer to the question.  Convergys' offer
to provide a 30(b)(6) representative[22] is not sufficient because that designation will be of one
person and will not identify, before depositions, all persons involved and the reasons for the
decision.

      Interrogatory Number 4 states:  "Please state each and every reason for the disparity in
pay between Jennifer Richards and Nick Brooks during the time they both worked on the
Channel [sic] Team and, if you contend that the two did not perform the [sic] substantially
similar duties, state with specificity the duties each performed."[23]  Convergys again responds
that "[t]his interrogatory seeks a narrative answer better obtained through deposition."[24]  But this
question is the heart of the case and the EEOC is entitled to an answer; to a statement of
Convergys' position.

      All the foregoing interrogatories are sound attempts to focus the case, by determining
Convergys' position and the persons within Convergys who have knowledge.  The
interrogatories are not overly broad or burdensome in an objectionable way.  The only burden is
that they require a clear statement of Convergys' contentions.  That burden is legitimate, and a
sound predicate to depositions.

---

[20] Convergys' Interrogatory Responses at 5.
[21] *Id.*
[22] Exhibit E to Motion to Compel at 5.
[23] Convergys' Interrogatory Responses at 4.
[24] *Id.*

Similarly, Interrogatory Number 3 is a helpful inquiry designed to move the case along. "Please identify any person having any information pertaining to the allegations contained in the Complaint or the denials, partial denials, or defenses raised in the Answer, and provide a brief narrative of that testimony or knowledge of the witness."[25]  While "Convergys responded to this Interrogatory by directing the EEOC to its Rule 26 Disclosures,"[26] those disclosures are not required to have a brief summary of the testimony or knowledge of witnesses.  This interrogatory is not burdensome or invasive and will focus depositions.  Identification of these individuals and the areas of their knowledge is particularly important because Convergys apparently relied on only one person to prepare the interrogatory responses, and relied on no one else for supporting information.[27]  It is hard to believe Convergys' contention that it is "baffled as to why the EEOC is not satisfied with [Convergys'] response."[28]

Interrogatory No. 2 was in dispute but has been substantially answered by correspondence between counsel.[29]  Plaintiff is, however, entitled to have those answers (with the others required by this order) in the form required by Fed. R. Civ. P. 33(b)(2) signed by a party representative.

---

[25] *Id.*
[26] *Id.*
[27] Answer to Interrogatory No. 1, Convergys' Interrogatory Responses at 3.
[28] Memo 41 at 5.
[29] Exhibit E.

### Requests for Production

The EEOC objects that Convergys has failed "to identify specifically the Bates number of the responsive documents" delivered on the requests for production.[30]  Convergys claims that it has produced the estimated 1,790 pages[31] of documents as they were kept in the ordinary course of business, which satisfies Fed. R. Civ. P. 34(b).[32]  However, that rule requires that a producing party "explain the origin of any . . . categories of documents, i.e. where these documents were maintained or who maintained them, and whether the documents in each category came from one single source or file or from multiple sources or files."[33]  If a party fails to make provenance clear at the time of production, it is appropriate to require the party to "identify, by the Bates Numbers . . .  already stamped on the documents, which documents are responsive to each of the document requests . . . ."[34]  If there are no documents responsive to a request, the supplemental response shall so state.

### Request No. 6

Request No. 6 seeks documents that reflect the names, sex, job titles, and rates of pay for each member of the Channels Team during Richards' tenure on the team.  Convergys objects that there were team members who did not hold the precise position of Tech Lead that was held by

---

[30] Plaintiff EEOC's Memorandum in Support of Motion to Compel and Protective Order (Supporting Memorandum) at 11, attachment no. 1 (aka Part 2), docket no. 37, filed July 19, 2006.  [The court's electronic filing system (CM/ECF) has the unfortunate quirk of assigning two different numbers to each document filed when attachments are used.  Attachment numbers show on the docket sheet and Part numbers show on the Document Selection Menu. While several courts have requested that this be changed, the confusion continues as of this date.]
[31] Supporting Memorandum at 12.
[32] Opposing Memorandum at 12.
[33] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005).
[34] *Id.* at 618-19.

Ms. Richards.  While it may be true that this information may not be admissible, it is within the

scope of Fed. R. Civ. P. 26(b)(1), and should be produced.

### Request No. 8

Request No. 8 seeks documents that "reflect any write up or counseling of any

[Convergys] employee regarding any performance issues by Defendant at its Murray, Utah

facility during the time January 1, 2002 until the date of Jennifer Richards' termination."

Convergys has 2500 employees at the facility in question, so the scope of response will be

limited to write-up or performance counseling by a person involved in supervision, discipline or

compensation decisions for Ms. Richards.

### Other Requests

Convergys has not argued any of its objections to producing documents in response to

Requests 2, 3 and 9-13.  The identification of documents by Bates numbers (or statement that

there are no responsive documents) should develop the record so that Plaintiff can know what

Convergys claims not to possess.

### Motion to Extend

Plaintiff EEOC and Richards jointly moved to extend the discovery deadline to

December 15, 2006 from the present deadline of September 15, 2006.[35]  While no mention was

made of the dispositive motion deadline (set October 31, 2006), Convergys objects that "the

extension . . . does not allow five months between the Motion for Summary Judgment and

---

[35] Plaintiffs' Motion to Extend Time to Conduct Discovery, docket no. 43, filed August 11, 2006.

trial."[36]   Nonetheless, Convergys offered to extend discovery until November 1, 2006, noting

that pre-existing litigation plans and holiday schedules limit Convergys' counsel's ability to

travel after November 15, 2006.[37]   The discovery and dispositive motion deadlines can be

extended to November 17, and December 1, 2006, without affecting the trial and related dates.

The extension is needed because of the discovery difficulties.

**ORDER**

IT IS HEREBY ORDERED that the motion to compel and for protective order (docket

no. 37) is GRANTED IN PART in that

a. Convergys shall answer discovery as required in this order within ten days; and

b. The deposition of Plaintiff Richards shall be deferred until Convergys provides
the ordered discovery.

IT IS FURTHER ORDERED that the motion to extend (docket no. 43) is GRANTED IN

PART.  Fact discovery shall be completed on or before November 17, 2006, and dispositive

motions shall be filed on or before December 1, 2006.

Dated this 05th day of  September, 2006.

BY THE COURT

David Nuffer
United States Magistrate Judge

---

[36] Defendant's Memorandum in Opposition to Plaintiffs' Motion to Extend Time to Conduct Discovery at 2, docket no. 49, filed August 23, 2006.  Convergys is referring to the court's policy that "five months must be allowed between the dispositive motion deadline and the trial date to allow the motions to be filed, briefed, set, argued and decided before trial preparation starts.  A motion or stipulation that does not leave this amount of time will likely not be granted."   http://www.utd.uscourts.gov/documents/ipt.html (last visited September 5, 2006).
[37] Defendant's Memorandum in Opposition to Plaintiffs' Motion to Extend Time to Conduct Discovery at 2.