IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH   CENTRAL DIVISION

| | |
|---|---|
| JENNIFER RICHARDS<br><br>　　Plaintiff,<br><br>v.<br><br>CONVERGYS CORPORATION,<br><br>　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL**<br><br>Case No. 2:05-CV-00790-DAK |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　Plaintiff,<br><br>v.<br><br>CONVERGYS CORPORATION,<br><br>　　Defendant. | Consolidated with 2:05-CV-00812 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Defendant Convergys has moved to compel

- the EEOC and Jennifer Richards to provide specific calculations of the damages they seek;
- the EEOC to produce tax records and other documents relating to the income of Jennifer Richards;
- the EEOC to produce relevant documents withheld to this point; and
- the EEOC and Jennifer Richards to memorialize all discovery responses in formal pleadings.[1]

---

[1] Defendant Convergys' Motion to Compel (Motion to Compel) at 2, docket no. 67, filed November 17, 2006.

The last request is not at issue, as Plaintiffs did not resist it.[2]  The record is also clear that the third category refers to investigator's notes[3] which, in the most part do not exist.  Notes which do exist is subject to a confidentiality requirement.[4]

**Emotional Distress and Punitive Damages**

The principal point of dispute between the parties on damage calculation is that Defendant Convergys wants calculations of compensatory and punitive damages.[5]  Plaintiffs have provided calculations of backpay, another point originally in dispute, after atypical effort on Convergys' part[6] and some ambiguity.  Backpay is only claimed through the date of Richards' termination.[7]

"Compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury and may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."[8]  Therefore, Plaintiffs will not be required to provide calculations of compensatory damages for emotional distress or of punitive damages.

**Richards' Tax Records**

Convergys also seeks Richards' tax records from 2000 through 2006 because it claims "the Plaintiffs are seeking post termination backpay."[9]  However, when Convergys made that claim, Convergys knew that it had "received revised damages calculations from the EEOC

---

[2] Defendant Convergys' Reply in Support of Motion to Compel (Reply) at 8 n.5, docket no. 86, filed December 18, 2006.
[3] Memorandum in Support (included as part of the Motion to Compel) at 7-8.
[4] Plaintiffs' Joint Response to Defendant Convergys Corporation's Motion to Compel (Joint Response) at 9-12, docket no. 75, filed December 4, 2006.
[5] Reply at 7.
[6] Reply at 3-4, 7-8.
[7] Reply at 4 and Exhibit 4 to Joint Response.
[8] *Merrill v. Waffle House, Inc*. 227 F.R.D. 467, 470 (N.D.Tex. 2005) (citing *Williams v. Trader Publishing Co*., 218 F.3d 481, 486 (5th Cir. 2000) (citations and quotations omitted).
[9] Reply at 4.

indicating that it did not intend to seek backpay damages after the date of Richards' termination"[10] and it also had Richards' revised damage calculation calculating back pay only "to the termination of her employment."[11]  No damage claim justifies the request for tax returns.

Convergys alternatively argues that it is entitled to tax returns because "there is evidence that Richards had a bad attitude [when] she was employed by Convergys.  Evidence that Richards had financial problems or had received a financial windfall could explain Richards' bad attitude . . . ."[12]  This is analogous to a claim to depose all friends and associates of a Plaintiff because the testimony might shed light on alleged employee performance.  Convergys also claims that "the requested tax returns may be relevant to her motivation" at Convergys or "for filing suit."[13]

Discovery is limited to materials which are "relevant to the claim or defense of any party."[14]  The relevance Convergys describes is merely speculative, and certainly there are other less intrusive means of obtaining more relevant information.  Convergys offers no factual basis to suggest that the tax returns will have pertinent information, and relies principally on a case in which outside income was so central an issue that failure to provide discovery resulted in dismissal of the case.[15]

### Reasonable Expenses – Attorneys' Fees

Convergys claims expenses and fees incurred in the motion to compel, because Richard's calculation of damages was not provided until after the motion was filed.  However, Convergys

---

[10] Reply at 4.
[11] Exhibit 4 to Joint Response.
[12] Reply at 5-6.
[13] *Id.* at 6.
[14] Fed. R. Civ. P. 26(b)(1).
[15] *Aktipis v. Loyola University of Chicago*, No. 98-3005, 98-3954, 1999 WL 164926 (7th Cir. March 17, 1999).

also moved to compel in areas which were without merit. No expenses or fees will be awarded as the position of Plaintiffs was substantially justified.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[16] is DENIED.

Dated this 8th day of January, 2007.

                BY THE COURT

                _____
                David Nuffer
                United States Magistrate Judge

---

[16] Docket no. 67, filed November 17, 2006.