|                                                              |                                                                                                                              |
| ------------------------------------------------------------ | ---------------------------------------------------------------------------------------------------------------------------- |
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF UTAH   CENTRAL DIVISION ||
| JENNIFER RICHARDS,<br>　　　Plaintiff,<br>v.<br><br>CONVERGYS CORPORATION,<br><br>　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER IN PART AND GRANTING MOTION TO QUASH**<br><br>Case No. 2:05-CV-00790-DAK<br><br>Consolidated with 2:05-CV-00812 DAK |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　Plaintiff,<br>v.<br>CONVERGYS CORPORATION,<br>　　　Defendant. | District Judge Dale A. Kimball<br><br><br>Magistrate Judge David Nuffer |

Plaintiff Jennifer Richards filed a motion to quash subpoena and for a protective order[1] in relation to two subpoenas served by Defendant Convergys Corporation. Because the subpoenas are overly broad, the court will grant the motion to quash. The motion for protective order will also be granted in part.

## BACKGROUND

On November 13, 2006, without first giving notice to Richards, Convergys issued subpoenas to Richards' current employer, Cellco Partnership dba Verizon Wireless, and to Discover Financial Services, Inc., a company which allegedly made Richards an offer of

---

[1] Motion to Quash Subpoena and for Protective Order, docket no. 83, filed December 14, 2006.

employment after she left Convergys.[2]  Each subpoena seeks all documents in the possession or control of the recipient regarding the employment of Jennifer Richards.

Richards contends that the subpoenas should be quashed on the ground that Convergys failed to provide advance notice of the subpoenas as required by Rule 45(b)(1), and that her employment records are not relevant to the claims in this case.  In addition, she seeks a protective order precluding Convergys from subpoenaing employment records from her former and present employers.

## DISCUSSION

**A.  Standing**

Convergys argues that Richards does not have standing to object to the subpoenas at issue.  Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena.[3]  Several courts have concluded, however, that a party has a personal right with respect to information contained in his personnel files sufficient to confer standing to move to quash a subpoena for his employment records served on a third party.[4]

---

[2] Copies of the subpoenas are attached as Exhibit A to Richards' Memorandum in Support of Motion to Quash Subpoena and for Protective Order ("Supporting Mem."), docket no. 84, filed December 14, 2006.

[3] *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 Shepardize (D. Kan. 1995); *Windsor v. Martindale*, 175 F.R.D. 665, 668 Shepardize (D. Colo. 1997); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 Shepardize (D.D.C. 2005).

[4] *See, e.g.*, *Stewart v. Mitchell Transp.*, Civil Action No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, at *4-5 Shepardize (D. Kan. July 11, 2002); *Beach v. City of Olathe, Kan.*, Civil Action Nos. 99-2210-GTV, 99-2217-GTV, 2001 U.S. Dist. LEXIS 16214, at *3-4 Shepardize (D. Kan. Sept. 17, 2001); *see also Maxwell v. Health Ctr. of Lake City, Inc.*, Case No. 3:05-cv-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at *4-6 Shepardize (M.D. Fla. June 6 2006)(noting that plaintiff arguably had standing under Rule 45 to object to nonparty subpoenas for her employment records based on her personal right regarding the materials sought, but declining to decide that issue because she had standing to move for a protective order under Rule 26).

In opposition to the motion, Convergys states that Richards has cited no binding authority in this jurisdiction to support the proposition that a party may object to subpoenas served on a nonparty.  Convergys asserts that the Tenth Circuit has not extended this right to persons other than those to whom the subpoena is directed.  Convergys further argues that the Tenth Circuit has never held that a party has a personal right in employment records sufficient to confer standing to quash a subpoena.  In addition, Convergys states that other courts have denied a party the right to object to subpoenas directed to third parties.[5]  However, the only case cited by Convergys in which a court found that a party had no standing to object to third-party subpoenas did not involve personnel records.[6]

The court agrees with the reasoning of the courts that have found that a party has a personal right in his employment records sufficient to confer standing.  Further, if a subpoena is issued in a civil action, the court must necessarily have supervisory authority over the action to grant a party relief with respect to that subpoena.  Accordingly, the court finds that Richards has standing to challenge the subpoenas.

**B.  Failure to Provide Prior Notice of the Subpoenas**

Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "[p]rior notice of any commanded production of documents . . . shall be served on each party in the manner prescribed by Rule 5(b)."  The Tenth Circuit has concluded that "Rule 45(b)(1) requires notice to be given

---

[5]Defendant Convergys' Memorandum in Opposition to Plaintiff Richards' Motion to Quash Subpoena and for Protective Order ("Opposition") at 7-8, docket no. 87, filed January 2, 2007.

[6]*In re Seagate Tech. II Sec. Litig.*, No. C-89-2493(A)-VRW, 1993 U.S. Dist. LEXIS 18065 Shepardize (N.D. Cal. June 10, 1993).

*prior* to service of a subpoena."[7] The court observed that "the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena."[8] The court stated that "[a] contrary interpretation of Rule 45(b)(1) . . . 'would allow a party to mail notice to opposing counsel one day prior to the date of compliance, effectively prohibiting counsel from responding.'"[9]

In this case, it is undisputed that Convergys failed to provide notice prior to service of the subpoenas as required by the rule. Richards contends that the subpoenas should therefore be quashed for failure to comply with the rule.

In response, Convergys argues that this court should not even consider Richards' motion to quash and for protective order because Richards failed to comply with local rule DUCivR 37-1(a) which provides that

> the court will not entertain any discovery motion . . . unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion.

Convergys states that Richards made no attempt to confer with counsel before filing her motion.[10]

Richards agrees that had she been provided proper notice of the subpoenas under Rule 45(b)(1), she would have been required to contact opposing counsel and attempt to resolve her

---

[7] *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 *Shepardize* (10th Cir. 2003)(emphasis added).

[8] *Id. Shepardize*

[9] *Id. Shepardize* (quoting *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 *Shepardize* (D. Kan. 1998)).

[10] Opposition at 2.

dispute regarding the subpoenas before filing her motion. She notes, however, that the very purpose of Rule 45(b)(1) presumably is to allow the parties the opportunity to resolve any dispute. She contends that by failing to comply with the notice requirement, Convergys put her in the position of trying to prevent harm from subpoenas that had already been served, thus depriving her of time to work out her differences with opposing counsel.[11]

It goes without saying that counsel for both parties should comply with all rules of the court. However, Convergys' Rule 37-1(a) argument, in the face of its own failure to comply with Rule 45(b)(1), is disingenuous. Accordingly, the court will entertain Richards' motion.

At least one court has quashed a subpoena for failure to provide prior notice.[12] Other sanctions have also been imposed.[13] This court nevertheless declines to quash the subpoenas as a sanction for the Rule 45(b)(1) violation because Richards has had a sufficient opportunity, albeit after the subpoenas had been served, to object to the subpoenas.

---

[11] Reply Memorandum in Support of Motion to Quash Subpoena and for Protective Order ("Reply") at 2-3, docket no. 98, filed January 16, 2007.

[12] *Beach*, 2001 U.S. Dist. LEXIS 16214, at *5-7 & n.2 Shepardize (granting motion to quash for failure to provide prior notice and for serving the subpoenas outside the 100 mile bulge allowed by Rule 45); *see Khosrowshahi*, 181 F.R.D. at 668 Shepardize ("Courts generally respond to Rule 45(b)(1) violations by striking the subpoenas, or allowing opposing counsel an opportunity to object.")(citations omitted).

[13] *See, e.g., Allender v. Raytheon Aircraft Co.*, 220 F.R.D. 661, 665-67 Shepardize (D. Kan. 2004)(monetary sanctions).

**C. Relevance, Overbreadth and Undue Burden**

Under Rule 26 (b)(1) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The rule further provides that relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[14] Although the scope of discovery under the federal rules is broad, however, parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses.[15] Thus, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[16]

In her complaint, Richards raises claims under the Equal Pay Act[17] and Title VII of the Civil Rights Act of 1964[18] alleging that she was paid less than a male employee for performing substantially similar work, and that she was disciplined and constructively discharged in retaliation for filing a complaint with the EEOC.[19] In support of her motion, Richards contends that the subpoenas at issue in this case seek documents that are not relevant to the claims raised in her complaint, and are not reasonably calculated to lead to admissible evidence.[20] Richards

---

[14] Fed. R. Civ. P. 26(b)(1) Shepardize.

[15] *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 Shepardize (10th Cir. 2000).

[16] Fed. R. Civ. P. 26(c) Shepardize.

[17] 29 U.S.C. § 206(d) Shepardize.

[18] 42 U.S.C. § 2000e. Shepardize

[19] Complaint ¶ 1.

[20] Supporting Mem. at 5.

also argues that the subpoenas are overly broad,[21] and that discovery of records from her present employer puts an undue burden on her in that it might have an unnecessarily negative effect on her employment situation as well as future prospects.[22]

### 1. Annoyance, Embarrassment, Oppression and Undue Burden

The court first addresses Richards' argument that the discovery requests to her current employer place an undue burden on her because they could have a negative effect on her employment situation. Convergys dismisses this argument as bordering on the "ridiculous" because a local newspaper apparently has printed a story about Richards' claims. Further, Convergys states that if Richards' current employer wanted to learn more about her claims, it could simply read the court files which are open to the public.[23]

The court agrees with Richards that a subpoena to a current employer may cause problems in the employment relationship. Even assuming that Richards' current employer already is aware of the ongoing lawsuit, the subpoenas tend to focus the employer's attention on the litigation. Further, compliance with the discovery requests places a burden on the employer which the employer may resent. At least one court has recognized that an employee "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job."[24]

---

[21]*Id.* at 6.

[22]*Id.* at 6-7.

[23]Opposition at 6.

[24]*Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 Shepardize (S.D. Ind. 2002).

Although the court in this case acknowledges that seeking discovery from a current employer is a more sensitive issue than seeking it from a former employer, the court declines to deny discovery from Richards' present employer on the ground that it will subject her to "annoyance, embarrassment, oppression or undue burden." However, the court will take this issue into consideration in resolving the discovery dispute.

**2. Relevance**

Richards argues that the documents sought by the subpoenas are not relevant to her claims. As Convergys points out, however, Richards' salary and starting date at her present employment may be relevant to her claim for damages. Further, regarding Richards' claim that she was constructively discharged from her employment at Convergys, Convergys states that it will present testimony that Richards told others at Convergys that she was leaving Convergys for a better job at Verizon.[25] As Convergys argues, there may be information in Richards' employment applications and hiring materials at Verizon and Discover which would reveal her reasons for leaving Convergys. Also, Convergys states that Richards claims that she was offered a job at Discover after leaving Convergys, but did not accept it because it did not pay enough.[26] The facts surrounding the job offer might be relevant to mitigation of damages. Thus, it appears that at least some of the information sought by the subpoenas is relevant to the issues in this case.

---

[25]Opposition at 3.

[26]*Id.* *Shepardize*

### 3. Scope of the Subpoenas

Richards complains that the scope of the subpoenas is too broad. Each subpoena directs the recipient to produce "all documents in your possession or control regarding the employment of Jennifer Richards."[27] Other courts have required parties issuing similarly broadly-worded subpoenas to narrow their scope.

For example, in *Stewart v. Mitchell Transport*, the subpoenas at issue sought "all records, documents or information in your possession *regarding* Larry G. Ramsey, including, but not limited to, your complete personnel file, job applications, job description and performance evaluations."[28] The district court held that the use of the word "regarding" made the request overly broad on its face.[29] The court explained that "[t]he use of such omnibus phrases as 'regarding' or 'pertaining to' requires the answering party 'to engage in mental gymnastics to determine what information may or may not be remotely responsive.'"[30] The court found, however, that the request was not overly broad on its face to the extent that it asked the employer to produce discrete documents such at the employee's personnel file, job application, job description, and performance evaluations.[31]

Similarly, in *Maxwell v. Health Center of Lake City, Inc.*, the defendant proposed to serve subpoenas on six of the plaintiff's prior employees requesting the plaintiff's entire personnel

---

[27]Subpoenas, Ex. A to Supporting Mem.

[28]2002 U.S. Dist. LEXIS 12958, at *12-13 *Shepardize*.

[29]*Id.* at *13 *Shepardize*.

[30]*Id.* *Shepardize* (quoting *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 *Shepardize* (D. Kan. 1996)).

[31]*Stewart*, 2002 U.S. Dist. LEXIS 12958, at *13-14 *Shepardize*.

file.[32]  The District Court for the Middle District of Florida found that while some of the documents in the plaintiff's personnel files might reasonably lead to admissible evidence, the blanket requests for the entire personnel file were overly broad.[33]  The court therefore granted the plaintiff's motion for a protective order prohibiting the defendant from seeking discovery pursuant to the subpoenas.  However, the court gave the defendant permission to redraft subpoenas which were more limited in scope and reasonably calculated to lead to the discovery of admissible evidence.[34]

Like the subpoenas in *Stewart* and *Maxwell*, the subpoenas at issue in this case make broad requests for all documents regarding Richards' employment.  While the subpoenaed entities may possess documents that would lead to discovery of admissible evidence as discussed above, a blanket request for all documents regarding Richards' employment is overly broad.  The court therefore will quash the subpoenas.  However, Convergys is free to redraft subpoenas which are narrower in scope and reasonably calculated to lead to the discovery of admissible evidence.

In *Maxwell*, the court urged the parties to try and work out their discovery disputes between themselves before taking the more intrusive step of subpoenaing nonparties.[35]  For example, the court noted that there had been no showing why some of the requested records such

---

[32] 2006 U.S. Dist. LEXIS 36774, at *2 Shepardize .

[33] *Id.* at *8 Shepardize .

[34] *Id.* at *8-9 Shepardize .

[35] *Id.* at *12 Shepardize .

as payroll and salary history would not be available directly from the plaintiff.[36]  In addition, the defendant sought to obtain medical and health insurance information which it believed might lead to evidence relating to the plaintiff's claims of emotional distress.  The court agreed with the defendant that this type of information might lead to the discovery of admissible evidence, but concluded that the defendant should first attempt to obtain this type of evidence directly from the plaintiff through other avenues available under the Federal Rules of Civil Procedure.[37]

As in *Maxwell*, the court encourages the parties in this case to attempt to resolve their discovery disputes between themselves to the extent possible.  Under Rule 26(b)(2)(i), the court may limit discovery if it "is obtainable from some other source that is more convenient, less burdensome, or less expensive."  In this case, some of the relevant documents that Convergys seeks, such as salary information, should be available directly from Richards.  Convergys has not indicated that it has attempted to obtain these documents from Richards.[38]

Richards complains that the subpoenas at issue contain no limitation as to subject matter or time.  The court has attempted to provide some guidance as to the subject matter of documents that may be appropriate for discovery.  In this vein, the court notes that Convergys appears to seek Richards' performance evaluations from Verizon.  Convergys asserts that because Richards seeks damages for emotional distress, it is entitled to learn about performance issues and difficulties Richards may have had with her present employer so that it can argue that those stressors, and not her employment at Convergys were the cause of her alleged emotional distress.

---

[36]*Id. at *9-10 & n.2* Shepardize .

[37]*Id. at *11-12* Shepardize .

[38]*See id. at *12* Shepardize .

Convergys also states that it may be able to use Richards' performance problems at Verizon to illuminate her problems at Convergys.[39] While the court will not enter a protective order at this time prohibiting such requests, the court has difficulty seeing how performance evaluations from a subsequent employer are reasonably calculated to lead to discovery of admissible evidence in light of Richards' claims in this case. Rather, the justification provided by Convergys seems more like a fishing expedition. Further, such requests are likely to cause embarrassment, and undue burden. The parties are urged to try to come to an agreement on which documents are relevant to Richards' claims.

Regarding the time factor, Convergys argues that the subpoenas are not overly broad because they are logically restricted in time from the date Richards filed her employment applications with Discover and Verizon through the duration of her employment.[40] The court agrees with Richards that Convergys is not entitled to an open-ended request for Richards' employment records. The court encourages the parties to agree on an appropriate time limit for the discovery requests.

---

[39] Opposition at 4.

[40] *Id.* at 5-6 Shepardize .

**ORDER**

IT IS HEREBY ORDERED that the motion for protective order is GRANTED IN PART and the motion to quash[41] is GRANTED.  However, Convergys is not prohibited from redrafting subpoenas that are narrower in scope.  All materials produced pursuant to any subpoenas should be served on Richards' attorneys.

IT IS FURTHER ORDERED that the parties shall comply with DUCivR 45-1.

IT IS FURTHER ORDERED that the protective order in this case[42] is amended to add the following paragraphs:

1A.  Any party may designate information as "Confidential-Attorneys' Eyes Only" if the information  is of such a nature as to require restriction to law firms of record for the parties.  This category shall include all information produced in response to subpoenas directed to any employer of Plaintiff.  In the case of documents, this Confidential Material shall be stamped "Confidential-Attorneys' Eyes Only."  In the case of testimony, this Confidential Material shall be designated "Confidential-Attorneys' Eyes Only" within two weeks after the transcript is prepared.

2A.  All information designated "Confidential-Attorneys' Eyes Only" shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action, without permission of the other party to this litigation or order of the court.  Counsel shall instruct all persons who

---

[41]Motion to Quash Subpoena and for Protective Order, docket no. 83, filed December 14, 2006.

[42]Docket no. 33, filed June 19, 2006.

receive this information to maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

Dated this 6th day of February, 2007.

                              BY THE COURT

                              _____
                              David Nuffer
                              United States Magistrate Judge