## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| JENNIFER RICHARDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Consolidated Case No. 2:05CV00790 DAK |
| | : | (formerly 2:05CV00812 DAK) |
| | : | |
| CONVERGYS CORPORATION, | : | Judge Dale A. Kimball |
| | : | |
| Defendant. | : | |
| | : | |
| EQUAL EMPLOYMENT OPPORTUNITY | : | **CONSENT DECREE** |
| COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CONVERGYS CORPORATION, | : | |
| | : | |
| Defendant. | : | |

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against Defendant, Convergys Corporation ("Convergys" or "Defendant"), to enforce the Equal Pay Act of 1963, 29 U.S.C. §§ 206 *et seq.* (EPA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a and to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to Jennifer Richards ("Richards") as a result of such unlawful practices.  Richards filed her own action and is a party to this proceeding.

As a result of settlement negotiations, the Commission, Richards, and Convergys agree that this action should be finally resolved by this Consent Decree ("Decree").  The Commission, Richards, and Convergys entered into this Decree as a way of resolving all outstanding

differences that may have existed in this case.  This Decree fully and finally resolves any and all claims arising out of the Complaint filed by the Commission and Richards, including, without limitation, back pay, compensatory and punitive damages, injunctive relief, costs and attorneys fees.  This Decree shall not constitute an adjudication of or finding on the merits of the case, and shall not be construed as an admission by Convergys of any violation of the EPA or Title VII.

It is ORDERED, ADJUDGED AND DECREED:

1.  The Court has jurisdiction over the subject matter of this action and of the parties hereto.

2.  This Consent Decree resolves all claims asserted by the Commission on behalf of Jennifer Richards against Convergys in this lawsuit, including without limitation back pay, compensatory and punitive damages, injunctive relief, costs, and attorneys fees.

3.  The terms and provisions of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of the parties are adequately protected by this Decree.

4.  This Consent Decree conforms with the Federal Rules of Civil Procedure, the EPA and Title VII, and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of the EPA and Title VII, and will be in the best interests of the Commission, Richards, Convergys, and the public.

5.  This Consent Decree applies to Convergys' Murray, Utah facility, and shall be binding upon the present and future officers, agents, employees, assigns and successors of Convergys in their capacities as officers, agents and employees of Convergys and not in their individual capacities.

6.  Convergys and its officers, agents, employees, successors, and assigns, for the duration of this Decree, will not:  violate the EPA or Title VII by discriminating against an employee in the payment of wages or any other compensation based on sex.

## MONETARY RELIEF

      **7.**     Convergys shall pay the gross amount of $17,000 to Richards.  Defendant shall pay $7,000 as back wages, and shall both pay all payroll taxes it owes on the back wages for the year 2004 and deduct the additional payroll taxes owed by Richards.   Convergys shall make no deductions for the remaining amount of $10,000 for compensatory damages, and shall provide a United States Internal Revenue Form 1099 to Richards on or before January 31, 2008 for this payment.  Convergys will pay Richards' reasonable attorneys' fees and expenses in the amount of $50,000.

      **8.**     Convergys shall pay the settlement amount referenced above to Richards by check, cashier's check, or money order no later than ten (10) business days from entry of this Decree.  Convergys also shall mail copies of the check to:

Mary Jo O'Neill
Regional Attorney
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, AZ   85012

## EXPUNGING OF PERSONNEL FILE

      **9.**     Within 20 days of the entry of this Decree, to the extent necessary, Convergys shall expunge from the personnel file of Richards (a) all references to the charges of discrimination filed against Defendant that formed the bases of this action; and (b) all references to Richards' participation in this action since she filed her first charge of discrimination.

## NOTICE

      **10.**    Convergys will post, for two years after entry of this Decree, in a prominent place frequented by its employees at its Murray, Utah, facility, the notice attached as Attachment A in the same type, style, and size as Attachment A.

## CORRECTIVE POLICIES AND PRACTICES

**11.** Convergys shall review and revise, if necessary, its written policies against sex discrimination, copies of which are available to its employees. Within thirty (30) days of the entry of Decree, Convergys shall submit its written policies against sex discrimination to the Regional Attorney of the EEOC's Phoenix District Office.

## TRAINING

**12.** Within three (3) months of the entry of this Decree, and on an annual basis for the duration of this Decree, Convergys shall provide training on the EPA and Title VII for supervisory and Human Resources employees at the Murray, Utah, facility. Each annual training shall take place between ten (10) and fourteen (14) months after the completion of the prior year's training.

**13.** The annual training shall be at least one and one half hours in length, including time for questions and answers. The training shall include the following topics:

a. An overview of the EPA and Title VII generally and of Convergys' obligations under the EPA and Title VII with respect to both sex discrimination generally, and the payment of equal wages, specifically.

b. An overview of Convergys' obligations under the EPA and Title VII with respect to retaliation;

c. Convergys' policies and procedures regarding sex discrimination and retaliation.

**14.** Convergys shall provide a trainer(s) who is knowledgeable about all of the subjects of the training, to conduct the training, and shall supply a copy of the written training materials to the EEOC Regional Attorney for the Phoenix District Office within ninety days of the entry of this Decree.

15.     In order to give all employees the opportunity to take the training, each annual training may be held on multiple dates.  All personnel who attend the training shall sign an attendance roster.  The registry of attendance shall be retained by Convergys for the duration of this Decree.

## RECORD KEEPING AND REPORTING

16.     Convergys shall maintain all records concerning its implementation of this Decree for the entire term of the Decree.

17.     Convergys shall report to the Commission in writing, within six months from the entry of this Decree and annually for the term of the Decree, regarding its compliance with the specific terms of the Decree, by sending the report to the Regional Attorney of the EEOC's Phoenix District office at the address above.  In addition to the reporting requirements set forth above, the report shall include the following information:

    a.     Any revisions to Convergys' policies and procedures regarding sex discrimination;

    b.     The registries of persons attending each of the seminar-training sessions, and lists of current Utah employees on the days of the seminar-training sessions;

    c.     Confirmation that (1) the Notice was posted, with a description of the locations where it was posted; and (2) the training was held.

18.     Convergys shall bear its own costs in conjunction with the maintenance of records and preparation of reports required by this Decree.

## PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

19.     This Court shall retain jurisdiction over this action for the duration of the Decree. During this time, the Commission may petition this Court to order Convergys to comply with the Decree.

20.     In the event that the Commission believes that Convergys has failed to comply with any provision(s) of this Decree, it shall, prior to filing any petition with the Court:

    a.     Notify Convergys in writing of the non-compliance by fax and by United States mail to the counsel and the corporate officer who signs this Decree on Convergys' behalf, or to his or her successor, and

    b.     Afford Convergys thirty (30) days after service of the notice to remedy the non-compliance.

21.     In the event the Court finds that Convergys has violated this Decree, the Court may order Convergys to remedy the non-compliance, and may extend this Agreement for such period as may be necessary to remedy its non-compliance.

## FORCE AND EFFECT

22.     The parties agree to the entry of this Agreement subject to final approval by the Court.

23.     If any provision(s) of this Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall remain in full force and effect.

24.     This Court shall retain jurisdiction of this action for a period of two (2) years after entry of the Decree.  Absent further extension by the Court, the Decree shall expire at the end of two (2) years without further action by the parties.

DATED this 29th day of May, 2007.

DALE A. KIMBALL
United States District Judge

APPROVED AND CONSENTED TO BY:

| | |
|---|---|
| /s/William W. Ford III | /s/ Mary Jo O'Neill |
| WILLIAM W. FORD III | MARY JO O'NEILL |
| VICE PRESIDENT, LEGAL | Regional Attorney |
| CONVERGYS CORPORATION | |

/s/ George E. Yund
GEORGE E. YUND

/s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

FROST BROWN TODD, LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182

/s/ Sandra Padegimas
SANDRA PADEGIMAS
Trial Attorney

Attorneys for Defendant

(Signed copy of document bearing
signatures is being maintained in the
office of the filing attorney)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504

Attorneys for Plaintiff EEOC

/s/ Jennifer Richards
JENNIFER RICHARDS
Plaintiff Richards

/s/ April Hollingsworth
APRIL HOLLINGSWORTH

STRINDBERG & SCHOLNICK, LLC
426 North 300 West
Salt Lake City, Utah 84103

Attorneys for Jennifer Richards

**ATTACHMENT A**

**NOTICE TO ALL CONVERGYS EMPLOYEES**

Federal and state laws prohibit discrimination against employees on the basis of their sex. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Utah Anti-Discrimination and Labor Commission (UALD).

Convergys will not discriminate against any employee on the basis of sex, and will not retaliate against any employee.

If you believe you have been discriminated against at Convergys, you are requested to seek assistance from the Convergys Human Resources department and you have the right to seek assistance from:

(1)     EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2)     Utah Anti-Discrimination and Labor Commission, 160 East 300 South, 3rd Floor, Salt Lake City, Utah 84114, (801) 530-6801.

No Retaliation Clause.  No action may be taken against you by any supervisory or management official of Convergys for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the UALD at the address or telephone numbers listed above.

Dated:_____